165 So. 713

Succession of STABILE.

No. 33654.

Feb. 3, 1936.

H. W. & H. M. Robinson, of New Orleans, for appellant John Stabile.

Charles J. Mundy, of New Orleans, for appellee Mary S. Stabile.

Mark W. Malloy, of New Orleans, for John T. Malloy, administrator pro tem.

LAND, Justice.

Frank Stabile died intestate in the city of New Orleans June 5, 1934, leaving three minor children, aged respectively, eight, six, and four years; a divorced wife, Mary Sorce; and an estate consisting of movable and immovable property, inventoried at $28,217.99.

Mary Sorce was appointed administratrix of the succession, and, as such, filed her first provisional account.

This account was opposed as to various items by John Stabile, the brother of Frank Stabile, deceased, as the alleged undertutor of the minors, duly appointed and qualified.

No exception was filed to this opposition attacking the capacity of John Stabile to act as undertutor of these minors, prior to the trial of the opposition, but, at the very beginning of the testimony of the undertutor, taken on the trial of the opposition, the attorney for the administratrix objected to further testimony, unless the opponent first showed that he was the duly qualified undertutor of the minors. A search was made of the record for the oath of the undertutor, which was not found.

On June 24, 1935, judgment was read and rendered in open court dismissing the opposition of the undertutor, on the ground that he had failed to prove that he had taken the oath as such. This judg-

ment was signed in open court June 28, 1935.

However, on June 27, 1935, the undertutor applied for a new trial, alleging that on February 19, 1935, he had taken the oath as undertutor, and, on the same day, had forwarded same to the attorney for the tutorship proceedings, who is also the attorney for the administratrix, for filing in the record, but that the oath had not been filed.

The undertutor also alleged in his motion for a new trial that on June 27, 1935, he had taken an oath as undertutor, and had filed the same in the tutorship proceedings, and that this oath, by order of the court, signed on June 27, 1935, was dated nunc pro tunc February 19, 1935, the date of the original oath taken by the undertutor.

The motion for new trial was refused, and the undertutor has appealed from the judgment of nonsuit rendered against him in the court below.

If an exception of want of capacity in the undertutor to file the opposition to the provisional account, on the ground that he had not taken the oath as such, had been filed in limine in this case, the undertutor would have taken the oath, nunc pro tunc, and the exception, without doubt, would have been overruled. As the undertutor did take the oath, with reasonable diligence, after the objection to his testifying for want of capacity, we fail to see any difference or distinction between his having taken the oath, after exception filed to his capacity, and his taking the oath on motion for a new trial. To hold otherwise, in our opinion, would be entirely too technical.

The laws of this state protect, with jealous care, the property and the rights of minors.

As jurisdiction over tutorships is vested in the district courts of the state, the minor has become the ward of the district judge, the tutor of all the tutors, since he is vested with plenary jurisdiction in the protection of the minor and his estate against the conflicting claims and interests of the tutor or administrator, as well as against all other adverse claims and interests.

In the case at bar, the mother of the minors, as administratrix of the estate of their deceased father, has filed a provisional account, which the undertutor of the minors opposes, as containing excessive fees for the attorney of the administratrix, excessive commissions claimed by the administratrix herself, and as failing to contain all the rents collected by the administratrix from the immovable property of decedent.

At this time, we pass no judgment upon these matters, as they are not now properly before this court for decision. We refer to them, en passant, merely to indicate that alleged interests adverse to those of the minors are being opposed by the undertutor in this case.

Our conclusion is that the new trial applied for by the undertutor of the minors should have been granted in the court below.

It is therefore ordered that the judgment appealed from be annulled and reversed, only in so far as it dismisses, as of nonsuit, the opposition of the undertutor to the provisional account filed by the administratrix of the Succession of Frank Stabile.

It is now ordered that a new trial be, and is hereby, granted the undertutor, as prayed for; that the opposition of the undertutor be reinstated; and that this case be. remanded to Division A of the Civil District Court for the parish of Orleans, for the further trial of the opposition of the undertutor to the provisional account of the administratrix of the Succession of Frank Stabile, according to law; and that the Succession of Frank Stabile pay the costs of this appeal.